IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Harry Lee Brinkley, Jr., )
    Petitioner, )
     )
v. ) 1:09cv35 (JCC/JFA)
     )
George Hinkle, )
    Respondent. )

## MEMORANDUM OPINION

Harry Lee Brinkley, Jr., a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of the Circuit Court for the City of Norfolk's revocation of petitioner's suspended sentence after two admitted probation violations. Respondent has filed a Motion to Dismiss and Rule 5 Answer. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has not filed a response. Additionally, by Order of December 10, 2009, petitioner was given the opportunity to address whether he raised Claim 2(f) before the Supreme Court of Virginia and if so, whether the claim was addressed on the merits. Petitioner was granted an extension of time to provide this information, but the deadline passed without his response. For the reasons that follow, Brinkley's claims must be dismissed.

### I. Background

Petitioner was convicted of robbery and burglary, and on November 10, 1999, petitioner was sentenced to twenty-five years in prison with twenty years suspended on the condition of good behavior and compliance with the terms of probation. On July 28, 2005, the Circuit Court found petitioner in violation of his probation, revoking petitioner's suspended sentence and re-

suspending nineteen years and six months. On June 2, 2006, petitioner was again found to have violated the terms of his probation, and the Circuit Court ordered petitioner to serve the remainder of his sentence in its entirety. Petitioner appealed his suspended sentence revocation to the Court of Appeals of Virginia, which found that the trial court had not abused its discretion. Brinkley v. Commonwealth, R. No. 1432-06-1, Nov. 16, 2006. The Supreme Court of Virginia refused petitioner's appeal from that decision. Brinkley v. Commonwealth, R. No. 062597, May 24, 2007. Brinkley then filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, raising the following grounds:

1. The trial court's revocation of petitioner's suspended sentence was excessive and unreasonable;
2. Probation revocation counsel was ineffective in that counsel:
    a. Failed to keep petitioner informed, failed to prepare adequately, and failed to meet with petitioner more than two times;
    b. Advised petitioner that the court would be lenient if petitioner pled guilty to the probation violation;
    c. Failed to meet with petitioner and failed to raise arguments that had not been previously made to the Court of Appeals;
    d. Advised petitioner not to assert that petitioner was never read his Miranda rights.
    e. Failed to obtain a mental evaluation of petitioner before the hearing;
    f. "Violated Federal Rule 11"; and
    g. Failed to object to inaccuracies in the presentence report.

The Supreme Court of Virginia dismissed the petition. Brinkley v. Dir., Dept. of Corrections, R. No. 080559, Oct. 22, 2008.

Petitioner filed the instant habeas petition on January 14, 2009. By Order dated January 27, 2009, petitioner was directed to particularize and amend his allegations. Petitioner filed an amended petition on February 24, 2009. Respondent filed a Motion to Dismiss and a Rule 5 Answer, and petitioner did not file a reply. Petitioner appears to raise the following claims:

1. The sentence imposed by the trial court upon petitioner's violation of his probation terms was unreasonable;
2. Counsel provided ineffective assistance by:

2

a. Failing to request a mental health evaluation of petitioner;
   b. Failing to keep petitioner informed of important decisions and developments;
   c. Failing to meet with petitioner and prepare an adequate argument on appeal;
   d. Failing to prepare for the probation revocation proceeding;
   e. Counseling petitioner to plead guilty and to refrain from raising alleged "violations" at the hearing;
   f. Failing to raise alternative sentencing options to the Circuit Court at the time of the revocation; and
   g. Failing to pursue petitioner's claim that he had not been read his Miranda rights upon arrest;
3. The Supreme Court of Virginia denied petitioner his right to due process when it denied petitioner's ineffective assistance of counsel claims raised in his state habeas petition because petitioner had no right to counsel in a probation revocation hearing;
4. Petitioner's due process rights were violated by the appointment of counsel at his probation revocation hearing; and
5. Petitioner's counsel at his probation revocation hearing violated "federal Rule 11."

## II. Procedural Bar

It appears that petitioner did not raise Claim 2(f) before the Supreme Court of Virginia. By Order dated December 10, 2009, petitioner was directed to clarify whether he raised Claim 2(f) in the Supreme Court of Virginia, and if so, whether the court addressed Claim 2(f) on the merits. Although petitioner was granted an extension of time, he did not reply to the Order. Thus, Claim 2(f) will be treated as exhausted and procedurally defaulted for the purposes of federal review.

As explained in the January 27, 2009 Order and the December 10, 2009 Order, before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. Failure to exhaust all claims requires dismissal of a petition to allow a petitioner first to present his claims to the appropriate state courts. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

3

Thus, a petitioner must first have presented the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995). Petitioner's only mention of Claim 2(f) in his state habeas petition appears in two sentences on the third to last page of his twenty-two page addendum to his state petition, where petitioner states, "One question that has come to mind with me is Why did my attorney not use the presentence report in my defense, as it had two Alternative Punnishments (sic) that I was eligible for . . . . To me this shows prejudice on many levels and it shows by my attorney not speaking up about the alternatives, a lack of processional duties and a lack of judgment on her part." State pet. A-22. Petitioner does not list this claim as one of his grounds for relief on his state habeas form. Furthermore, a review of the Supreme Court of Virginia's opinion on petitioner's state habeas petition reveals no discussion of Claim 2(f). Therefore, it appears clear that petitioner did not properly raise Claim 2(f) before the Supreme Court of Virginia.

This does not end the exhaustion analysis because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). A petitioner may nonetheless overcome procedural defaults and have his claims addressed on the merits by showing either cause and prejudice for the default or that a miscarriage of justice

4

would result from the lack of such review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Savino v. Murray, 82 F.3d 593, 602 (4th Cir. 1996).

Here, petitioner's claim was not properly exhausted, and it now would be treated as exhausted because petitioner now is precluded from raising the claim in state court. Specifically, the argument would now be procedurally defaulted pursuant to Virginia Code § 8.01-654(B)(2), which prohibits successive state habeas petitions. As such, this claim would be simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Where a claim is both exhausted and defaulted for the purposes of federal habeas review, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). Petitioner was given an opportunity in the December 10, 2009 Order to show cause and prejudice for the default of Claim 2(f), or that a fundamental miscarriage of justice would occur absent review. See Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999) (finding a federal habeas court's sua sponte dismissal of procedurally defaulted claims permissible where petitioner is provided notice and an opportunity to argue against dismissal). As petitioner did not respond to

that Order, no cause and prejudice has been demonstrated, and Claim 2(f) will be dismissed as exhausted and procedurally defaulted.

### III. Non-Constitutional Claims

In Claim 1 of petitioner's amended complaint, petitioner contends that the sentence imposed by the trial court after petitioner violated the terms of his probation was unreasonable. Claim 1 is not cognizable in federal habeas corpus proceedings and must be dismissed. "A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" Billotti v. Legursky, 975 F.2d 113, 119 (4th Cir. 1992) (quoting Engle v. Isaac, 456 U.S. 107, 119 (1982)). Thus, questions of state law that do not implicate federal rights are not cognizable on federal habeas under § 2254. Id. (citing Inge v. Procunier, 758 F.2d 1010, 1014 (4th Cir. 1985)). Here, petitioner challenges the validity of his sentence, which raises only issues of Virginia law. See Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (holding that a state court's error in applying its own sentencing provisions is not cognizable on federal habeas review, even when the claim is "couched in terms of equal protection and due process.") (quoting Willeford v. Estelle, 538 F.2d 1194, 1196-98 (5th Cir. 1976)). Thus, Claim 1 must be dismissed.

In Claim 3, petitioner asserts an extremely convoluted argument. His specific allegations need not be parsed through because, in essence, petitioner claims that the state habeas court erred when deciding whether his state habeas petition was procedurally barred from review. Claim 3 is not cognizable in federal habeas proceedings and therefore must be dismissed. Petitioner challenges a collateral, post-conviction state proceeding, which "cannot serve as a basis for federal habeas corpus relief." Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988); see also Bell-Bey v. Roper, 499 F.3d 752, 756 (8th Cir. 2007) ("Because the Constitution does not

6

guarantee the existence of state post-conviction proceedings, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas application." (internal citations, quotation marks, and alteration omitted); United States v. Dago, 441 F.3d 1238, 1248 (10th Cir. 2006) ("[D]ue process challenges to post-conviction procedures fail to state constitutional claims cognizable in a federal habeas proceeding."). Accordingly, this Court may not consider Claim 3 and it will be dismissed.

## IV. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims


themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## V. Analysis

In Claims 2(a)-(e),[1] (g), and 5, petitioner argues that counsel was ineffective at his probation revocation hearing and on appeal from the trial court's revocation.[2] The Supreme Court of Virginia dismissed these claims on the holding that there is no constitutional right to counsel in probation revocation hearings, nor is there a right to counsel in appellate proceedings following those hearings. That determination was in accord with settled federal law. See Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973); Morrissey v. Brewer, 408 U.S. 471 (1972) (holding that the revocation of parole is not part of a criminal prosecution); see also Lerch v. Hinkle, No. 3:08cv305, 2009 WL 603425 (E.D. Va. March 9, 2009). Thus, the Supreme Court of Virginia's holding was not incorrect, much less contrary to or an unreasonable application of federal law, and petitioner's ineffective assistance claims will be dismissed.

Despite petitioner's claims that his attorney was ineffective, in Claim 4, petitioner asserts that his due process rights were violated by the appointment of counsel at his probation revocation hearing. Although it appears that this specific claim was not addressed by the Supreme Court of Virginia,[3] the claim will be dismissed because it clearly lacks merit. As

---

[1] Claim 2(f) is exhausted and procedurally defaulted, as was discussed previously.

[2] Respondent states, incorrectly, that Claims 2(b) and (c) are unexhausted. Petitioner did exhaust those claims before the Supreme Court of Virginia, and the court addressed those claims on their merits. See Brinkley, R. No. 080559 at 2.

[3] Section 2254(b)(2) now permits a federal court, in its discretion, to deny on the merits a habeas corpus claim despite the petitioner's failure to exhaust available remedies in state court. See Swisher v. True, 325 F.3d 225, 232-33 (4th Cir.), cert. denied 539 U.S. 971 (2003) (affirming district court's discretionary decision to elect to deny habeas corpus relief on the merits pursuant

discussed above, petitioner had no right to counsel at the hearing, and thus no rights could have been violated by the appointment of counsel, a benefit which petitioner clearly accepted.

## VI. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this \_\_1st\_\_ day of \_\_March\_\_ 2010.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge

---

to § 2254(b)(2), although claim was "clearly unexhausted"). Because Claim 4 is clearly without merit, the Court will exercise that discretion here.